UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELITO MERCADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00589-JPH-DLP |
| | ) |
| SOUTHERLAND, | ) |
| TEMPLE, | ) |
| WEST, | ) |
| | ) |
| Defendants. | ) |

**ENTRY SCREENING COMPLAINT**

At all relevant times, plaintiff Angelito Mercado was a pretrial detainee prisoner incarcerated at the Brown County Jail (Jail). Mr. Mercado filed his complaint on January 23, 2020, in Brown Circuit Court 1, and the case was removed to this Court on February 21, 2020. Dkt. 1-2. The Court now screens Mr. Mercado's complaint.

**I. Screening Standard**

The Court has the inherent authority to screen Mr. Mercado's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "'short and plain statement of the claim showing that the pleader is entitled to relief,'" which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds

1

*pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. Mr. Mercado's Complaint

Mr. Mercado names the following defendants, employed at the Jail, in his complaint: (1) Sheriff Southerland; (2) Deputy Temple; and (3) Deputy West. Dkt. 1-2. Mr. Mercado alleges that on or about April 14, 2019, he was a pretrial detainee at the Jail. *Id.* Mr. Mercado alleges that when he was booked into the Jail, Deputy Temple made him undergo a full strip search that was unconstitutional. *Id.* Mr. Mercado alleges that Deputy West participated and failed to intervene. *Id.* Mr. Mercado states that Deputy Temple told him that "it was policy to strip search all inmates" who were coming into the Jail. *Id.* Mr. Mercado states that because Sheriff Southerland failed to train deputies and is the "final policy maker," he is liable and has also violated Mr. Mercado's Fourteenth Amendment rights. *Id.* at 3-4.

Mr. Mercado seeks monetary damages and requests an injunction to stop strip searches of pretrial detainees at the Jail. *Id.* at 4.

## III. Claims that Shall Proceed

The Court construes Mr. Mercado's complaint as bringing: (1) Fourth and Fourteenth Amendment claims against the two deputy defendants based on his allegation that he was subjected to a strip search without justification; and (2) a policy claim against the sheriff in his official capacity based on the allegation that strip searches were a widespread practice for all inmates coming into the Jail.

Mr. Mercado's claim for injunctive relief is **denied as moot** because he is no longer confined in the Jail. *Jaros v. Ill. Dept. of Corrections*, 684 F.3d 667, 670 n.3 (7th Cir. 2012); *Koger*

*v. Bryan,* 523 F.3d 789, 804 (7th Cir. 2008) ("once the threat of the act sought to be enjoined dissipates," the claim for injunctive relief must be dismissed as moot).

The Fourth and Fourteenth Amendment claims that Deputies Temple and West subjected Mr. Mercado, a pretrial detainee, to a strip search without justification **shall proceed**. *See United States v. Freeman*, 691 F.3d 893, 901-02 (7th Cir. 2012).

Mr. Mercado's policy claim against Sheriff Southerland in his official capacity that all inmates coming into the Jail are broadly subjected to unconstitutional strip searches **shall proceed**.

The defendants filed their answer and asserted the affirmative defense of failure to exhaust administrative remedies. *See* dkt. 8.

The Court takes judicial notice of the fact that the plaintiff has reported a change of address in other cases filed in this District. **The clerk is requested** to **update the docket** to reflect the plaintiff's change of address to 311 Hege St., Apt. #3. The plaintiff is reminded to file a change of address notice in all his pending cases in the future.

**SO ORDERED.**

Date: 5/14/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANGELITO MERCADO
311 Hege St.  Apt. #3
Columbus, IN 47201

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com