UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELITO MERCADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00589-JPH-DLP |
| ) | |
| SOUTHERLAND, ) | |
| TEMPLE, ) | |
| WEST, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT AND
DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Angelito Mercado is an inmate at Bartholomew County Jail ("the Jail"). The plaintiff seeks relief pursuant to the Fourth and Fourteenth Amendment based on his allegation that he was subjected to a strip search without justification and his policy claim that strip searches were a widespread practice for all inmates coming into the Jail.

The defendants seek summary judgment on the basis that Mr. Mercado failed to exhaust his available administrative remedies before bringing this lawsuit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). For the reasons discussed below, the defendants' motion, dkt. [11], is **granted**, and this action must be dismissed.

### I. Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there

1

is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Sys., Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that a prisoner exhaust available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

An inmate may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies *after* filing suit. *See id.* ("Ford's real problem . . . is timing. Section 1997e(a) says that exhaustion must precede litigation. 'No action shall be brought' until exhaustion

2

has been completed . . . . And these rules routinely are enforced . . . by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending . . . .") (internal citations omitted).

As the movants, the defendants bear the burden of establishing that the administrative remedies upon which they rely were available to the plaintiff. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

## II. Facts

Because Mr. Mercado has not responded to the motion for summary judgment, the Court accepts as true the following facts, which the defendants have asserted and supported with admissible evidence. *See* S.D. Ind. L. R. 56-1(f)(1)(A) ("In deciding a summary judgment motion, the court will assume that[ ] the facts as claimed and supported by admissible evidence by the movant are admitted without controversy except to the extent that[ ] the non-movant specifically controverts the facts . . . ."); *see also Dade v. Sherwin-Williams Co.*, 128 F.3d 1135, 1137 (7th Cir. 1997) (affirming district court's grant of summary judgment where it accepted moving party's facts as true when non-moving party failed to respond under local rule). The Court still views these facts in the light most favorable to the plaintiff, but his failure to oppose summary judgment "[r]educe[s]

the pool" from which facts and inferences may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

Mr. Mercado entered the Jail on or about April 14, 2019. Dkt. 1-2; dkt. 11-1 at 2 ¶ 2. Jail records indicate that Mr. Mercado was released on April 29, 2019, after completing his sentence. Dkt. 11-1 at 2 ¶ 2. Mr. Mercado filed his complaint in Brown Circuit Court on January 23, 2020. Dkt. 1-2. The defendants removed the case to this Court on February 21, 2020. Dkt. 1.

In screening the complaint, the Court summarized Mr. Mercado's allegations as follows:

> The Court construes Mr. Mercado's complaint as bringing: (1) Fourth and Fourteenth Amendment claims against the two deputy defendants based on his allegation that he was subjected to a strip search without justification; and (2) a policy claim against the sheriff in his official capacity based on the allegation that strip searches were a widespread practice for all inmates coming into the Jail.

Dkt. 14 at 2.

Between the time Mr. Mercado entered the Jail and the time he filed his complaint, the Jail maintained a grievance procedure. The procedure is set out in an inmate handbook, which inmates are issued a copy of upon admission to the Jail. Dkt. 11-1 at 2 ¶ 3; dkt. 11-1 at 4-8. Mr. Mercado signed an acknowledgement that he received the handbook on April 15, 2019 and was responsible for knowing its contents. Dkt. 11-1 at 2 ¶ 3; dkt. 11-1 at 7.

To submit a grievance an inmate must request and complete a grievance form. Dkt. 11-1 at 2 ¶ 4; dkt. 11-1 at 8. These can be requested from any Jail officer, and the officer is required to provide the form upon request. Dkt. 11-1 at 2 ¶ 4. Once the grievance form is submitted by the inmate, it is forwarded to the Jail Commander who provides a written response. *Id.* "The original is returned to the inmate. A copy is placed in a centralized file of all grievances submitted for the year. Another copy may be placed in the inmate's file." *Id.* The defendants attest that if an inmate

4

asks questions regarding the grievance process, Jail officers "will provide the grievance form and tell the inmate to complete the form and turn it in." *Id.*

Upon review of Mr. Mercado's inmate file and centralized file, which would contain grievances for 2019, the relevant time period of his complaint, there were no filed grievances "from him during any time during the year." *Id.* at 2 ¶ 5.

### III. Analysis

The undisputed evidence shows that Mr. Mercado failed to exhaust his available administrative remedies before bringing this action. The Jail maintained a grievance procedure and made it available to Mr. Mercado. This procedure required inmates to present written grievances on preprinted forms regarding any complaints about "a rule or procedure, complaint of oppression or misconduct by an employee in administering such rules." Dkt. 11-1 at 6. Mr. Mercado did not file any grievances during the two-week period of his sentence, nor did he file any grievances for the entire year. To exhaust his administrative remedies, Mr. Mercado could have asked any Jail officer for a preprinted grievance form or raised with them any questions he had regarding the process.

The defendants argue that Mr. Mercado is a frequent litigator and is knowledgeable about his obligation to exhaust his administrative remedies. Dkt. 12 at 3. A recent query shows that Mr. Mercado has been a plaintiff in approximately 35 cases before this Court, many of which concern incidents or conditions of confinement at various jails. Mr. Mercado has previously been subjected to the PLRA exhaustion requirement as evidenced by a number of his cases.

### IV. Conclusion

For the reasons discussed in Part III, the defendants' unopposed motion for summary judgment, dkt. [11], is **granted**. The claims asserted by Mr. Mercado must be **dismissed without**

**prejudice**. *See Ford,* 362 F.3d at 401 ("[*A*]*ll* dismissals under § 1997e(a) should be without prejudice.").

Accordingly, the **clerk is directed** to enter **final judgment** dismissing this action **without prejudice** consistent with this Order.

**SO ORDERED.**

Date: 1/28/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANGELITO MERCADO
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com